**Vincent L. MATTINGLY, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 02–3032.

United States Court of Appeals, Federal Circuit.

June 4, 2002.

Before RADER, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Vincent L. Mattingly appeals the final decision of the Merit Systems Protection Board (Board) affirming his removal from the Department of the Navy (Navy) for failure to maintain his security clearance. *Vincent L. Mattingly v. Dept. of Navy,* No. CH–0752–01–0249–I–1 (MSPB, Chicago, IL Apr. 26, 2001). Because substantial evidence supports the Board's decision, which is not arbitrary, capricious, or an abuse of discretion, this court *affirms.*

## I.

Before his removal, Mr. Mattingly was a technician in the Department of the Navy in Louisville, Kentucky. On October 20, 2000, the Navy revoked Mr. Mattingly's security clearance and notified him of his appeal rights. On December 8, 2000, the Navy issued Mr. Mattingly a Notice of Proposed Removal for failure to maintain his security clearance, a mandatory condition of his employment. Mr. Mattingly separated from the Navy on January 31, 2001. On April 9, 2001, the Navy affirmed its decision to revoke Mr. Mattingly's security clearance.

Mr. Mattingly appealed his removal to the Board on February 11, 2001. On June 14, 2001, an administrative judge held a hearing and issued an initial decision affirming Mr. Mattingly's removal. Mr. Mattingly filed a petition for review of the initial decision to the full Board. In a final order dated September 10, 2001, the Board denied Mr. Mattingly's petition for review and rendered the initial decision final. Mr. Mattingly appealed to this court, which has exclusive appellate jurisdiction. 28 U.S.C. § 1295(a)(9) (1994); 5 U.S.C. § 7703(b)(1) (Supp. IV 1998).

## II.

This court's review of Board decisions is limited by statute. This court affirms a Board decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed.Cir. 1984).

"[T]he grant of security clearance to a particular employee, a sensitive and inherently discretionary judgment call, is committed by law to the appropriate agency of the Executive Branch." *Dep't of Navy v. Egan*, 484 U.S. 518, 527, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988). A denial of a security clearance is not an "adverse action" within the meaning of 5 U.S.C. § 7513 and hence not subject to Board review. *Id.* at 530, 108 S.Ct. 818. Nevertheless, "[a]n employee who is removed for 'cause' under § 7513, when his required [security] clearance is denied, is entitled to several procedural protections specified in that statute." *Id.* Accordingly, the Board may review whether cause existed for the removal, whether in fact the security clearance was revoked, and whether transfer to a non-sensitive position was feasible. *Id.; Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580 (Fed.Cir.1989).

The record shows that the Navy provided Mr. Mattingly the procedural protections as required under *Egan* by giving Mr. Mattingly the reasons for its revocation of his security clearance and an opportunity to respond. *Egan*, 484 U.S. at 530, 108 S.Ct. 818. Moreover, Mr. Mattingly does not dispute that the Navy properly revoked his security clearance. The record also shows that Mr. Mattingly's position required that he maintain a security clearance. The Board referred to that testimony from three individuals—Joe Wrocklage, Supervisor in the Gun Logistics Group, Donald Greenlee, Command Security Manager, and Russell Bentley, Site Director—to show that Mr. Mattingly's position required a security clearance.

Mr. Mattingly argues that his position should not have required a security clearance. Neither the Board nor this court, however, can review the Navy's judgment that Mr. Mattingly's position required the security clearance. *Id.* at 527;, 108 S.Ct. 818 *Skees v. Dep't of Navy*, 864 F.2d 1576, 1578 (Fed.Cir.1989). Mr. Mattingly also has not alleged that he has any substantive

right to a transfer to another position. *Griffin*, 864 F.2d at 1580.

Finally, Mr. Mattingly claims that agency officials created the security clearance requirement in retaliation for statements he made that were protected by the Whistleblower Protection Act. This court, however, has held that a claim under the Whistleblower Protection Act does not alter the fact that the Board, and this court, cannot review the Navy's judgment concerning security clearances. *Hesse v. Dep't of State*, 217 F.3d 1372 (Fed.Cir.2000). In sum, this court affirms the Board's decision.